ACCEPTED
15-25-00142-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
10/13/2025 12:00 AM
CHRISTOPHER A. PRINE
CLERK

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
10/12/2025 10:34:17 PM
CHRISTOPHER A. PRINE
Clerk

Cause No. 15-25-00142-CV

IN THE FIFTEENTH COURT OF APPEALS AUSTIN, TEXAS

ROBERT EDWARD BATTAILE, Appellant,

v.

KEN PAXTON, ATTORNEY GENERAL OF TEXAS; JANE NELSON,

SECRETARY OF STATE OF TEXAS; AND REAL PARTIES IN INTEREST,

Appellees, et al.

From the 459th Judicial District Court of Travis County, Texas

Trial Cause No. D-1-GN-25-000719

**APPELLATE BRIEF ON THE MERITS — ORAL ARGUMENT REQUESTED**

**TO THE HONORABLE JUSTICES OF THE FIFTEENTH COURT OF APPEALS:**

Appellant Robert Edward Battaile, pro se, files this Appellate Brief on the Merits and states his intent to appear personally and present oral argument at the time and place designated by the Court. This brief consolidates all arguments and authorities supporting relief in Cause No. 15-25-00142-CV and serves as both written brief and outline for oral presentation.

**PRELUDE: THE REAL STORY BEHIND THE RECORD**

This case is more than pleadings and citations. It is about the quiet capture of a small Texas town — a modern fiefdom where public money follows private command, where developers and their padrones whisper orders to city staff, and where those staff instruct the City Council how to vote. The same names and families rotate through boards, contracts, and campaign committees, while the people of Manor are left with broken parks, demolished history, and promises that never reach the ground.

For decades, citizens have been told to stay silent. Those who question the deals or ask for records are ridiculed, banned, or jailed. White pawns were replaced by Black and Brown pawns, but the board never changed — only the faces moving under the same thumb. The result is a government too frightened or too compromised to spend a single dollar on preserving its heritage or building spaces of pride.

The State of Texas looks away. Travis County props the system up with selective enforcement and hollow oversight. The Attorney General and Secretary of State ignore election fraud, civil-rights violations, and horrific jail conditions. Citizens who speak out face retaliation. Yet the bulldozers keep moving and the record remains blank.

This brief asks for something simple and profound — for law to mean something again in small-town Texas. It asks the Court to look past procedural smoke and see the moral truth: when government becomes a marketplace, parks are empty while history is erased

and cemeteries desecrated; jails are a sub-human kennel whether innocent or guilty; and justice is a court of no record... someone must stand up. That is why this case exists — and why it matters.

**TABLE OF CONTENTS**

Prelude …........................................................................ 1

Identity of Parties and Counsel …....................................... 4

Table of Authorities ........................................................ 5

Statement of Jurisdiction .................................................. 5

Issues Presented ............................................................ 6

Statement of the Case and Facts ....................................... 6

Summary of the Argument ................................................. 7

Standard of Review ......................................................... 7

Argument ..................................................................... 8

    I. Ministerial Election-Oversight Duties ...................... 8

    II. Irreparable Heritage Harm & Temporary Relief ..................... 8

    III. Preserve Jury Rights on Independent Claims ......................... 8

    IV. Structural Remedies & Record Integrity ............................... 9

    V. Constitutional Baselines ............................................... 9

Request for Oral Argument …........................................... 9

Request to include Appellant's public video publishing …............. 10

Prayer for Relief .......................................................... 10

## IDENTITY OF PARTIES AND COUNSEL

Appellant: Robert Edward Battaile, pro se 502 E. Eggleston St., Unit B Manor, Texas 78653 Phone: 512-662-2955 Email: robert@manortx.us

Appellees: Ken Paxton, Attorney General of Texas Jane Nelson, Secretary of State of Texas Represented by the Office of the Attorney General 300 W. 15th Street Austin, Texas 78701

Real Parties in Interest (including dismissed defendants from underlying case, served via eFile for notice of ongoing claims): State of Texas; City of Manor, Texas (dismissed, but harms persist via successors); Travis County; Freese and Nichols (dismissed, but Comprehensive Plan misuse continues); Legacy Performance Capital, LLC (dismissed without prejudice); Manor MF LLC; Las Entradas; Monarch Ranch; MC Retail GP, LLC; 13100 FM 973, Inc.; CapMetro; Carlos Moyeda; Dyana Limon-Mercado, Travis County Clerk; Jeff Travillion, Travis County Commissioner; Brigid Shea, Travis County Commissioner; Ann Howard, Travis County Commissioner; Margaret Gómez, Travis County Commissioner; Matt Woodard, City of Manor Public Works Director; Sally Hernandez, Travis County Sheriff; and others implicated in ultra vires acts, election

coercion, historic desecration, or civil rights violations, as detailed in the Second Amended Petition (CR [placeholder for Clerk's Record pages, e.g., 100-280]).

Counsel for Appellees and Active Real Parties: Office of the Attorney General (for Paxton and Nelson) Travis County Attorney's Office (for Travis County entities) Other counsel for dismissed parties. Bobby Ray Reese (real party in interest) and Austin Bocce League (real party in interest).

## TABLE OF AUTHORITIES

Cases

City of El Paso v. Heinrich, 284 S.W.3d 366 (Tex. 2009)

City of San Antonio v. Kaur, 574 S.W.3d 595 (Tex. App.—San Antonio 2019, no pet.)

In re Hotze, 627 S.W.3d 642 (Tex. 2020)

Walker v. Packer, 827 S.W.2d 833 (Tex. 1992)

Statutes / Rules

Tex. Const. art. I (Open Courts; Due Course)

Tex. Elec. Code §§ 31.003, 273.001, 273.021, 232.012

Tex. Gov't Code §§ 22.220, 22.221

Tex. Health & Safety Code § 711.010

Tex. R. App. P. 9.4, 9.5, 52; Tex. R. Civ. P. 171

## STATEMENT OF JURISDICTION

This Court has jurisdiction under Tex. Gov't Code §§ 22.220 and 22.221 and Tex. R. App. P. 52.3(e). Because Appellees are statewide officers and Appellant seeks relief of statewide importance arising from Travis County proceedings, this Court properly exercises jurisdiction.

## ISSUES PRESENTED

1. Whether the Secretary of State and Attorney General failed to perform ministerial duties under the Election Code.

2. Whether temporary injunctive relief is needed to preserve the 1906 Martin McVey Cemetery and the James B. Manor Homestead.

3. Whether Appellant's constitutional and civil-rights claims must be preserved for jury trial.

4. Whether persistent procedural failures justify appointment of a Special Master and record-integrity orders.

## STATEMENT OF THE CASE AND FACTS

Appellant contests the Nov. 2024 Manor municipal election for ballot denial, coercion, and irregularities. Formal complaints to the SOS and AG produced no confirmed investigation or public result. Public Information requests were stonewalled or answered

with "no responsive records."

In the trial court, dozens of motions remain unruled. Court Recordings delivery was interminable despite being requested at the hearings themselves. A Court Reporter from May requested and got an extension causing a delay in the appeals transition. One hearing not recorded at all (i.e. a Court of No Record). Orders were entered without findings or reasoned explanations. The record is incomplete and opaque.

Meanwhile, the 1906 Martin McVey Cemetery and the 1840s James B. Manor Homestead are threatened by ongoing development approved without historic review. City funds were used to clear private lots while police ignored desecration reports.

Appellant has been arrested twice for speaking out and endured inhumane conditions in Travis County Central Booking — facts that speak to retaliation and the denial of basic due process.

## SUMMARY OF THE ARGUMENT

Texas law already provides the tools to fix these wrongs. When statewide officers ignore clear duties, and local courts leave motions unruled for months, mandamus-level relief is the only adequate remedy. Short TROs can prevent irreparable damage to burial grounds and historic sites. Jury rights must be preserved for independent constitutional claims. And a Special Master should be appointed to restore record integrity and public confidence.

**STANDARD OF REVIEW**

Under Walker v. Packer, 827 S.W.2d 833 (Tex. 1992), mandamus issues for a clear abuse of discretion where no adequate remedy exists. Failure to perform a ministerial duty meets that standard.

**ARGUMENT**

**I. Ministerial Election-Oversight Duties**

The Texas Election Code (§§ 31.003, 273.001, 273.021) requires state officers to receive and act on election complaints. Appellant's submissions remain unacknowledged. This Court should order the SOS and AG to confirm whether any investigation occurred, disclose non-privileged results, and perform the statutory steps necessary to remedy the Nov. 2024 Manor election.

**II. Irreparable Heritage Harm and Need for TROs**

The record documents imminent destruction of the McVey Cemetery and Manor Homestead. Under Tex. Health & Safety Code § 711.010, cemeteries are sacred grounds not to be disturbed without court authority. A 45-day TRO is the least-restrictive means to protect evidence and honor. This Court may issue temporary orders to preserve its jurisdiction.

### III. Preserve Jury Rights on Independent Claims

The election contest is bench-tried, but Appellant's § 1983 and constitutional claims — retaliation, due process, equal protection — are independent and jury-triable. See City of El Paso v. Heinrich, 284 S.W.3d 366 (Tex. 2009). Rule 91a cannot extinguish those rights before discovery. This Court should order severance or phasing to preserve the jury.

### IV. Structural Remedies and Record Integrity

Months of unruled motions and missing transcripts demand a Special Master under Tex. R. Civ. P. 171 to coordinate heritage preservation, marshal records, and report to the Court. Without record integrity, appeal is meaningless.

### V. Constitutional Baselines

"Courts of no record" and inhumane detention conditions violate due process and the open-courts guarantee. This Court should direct record preservation and minimum process standards to protect the right to review.

### REQUEST FOR ORAL ARGUMENT

Pursuant to Rule 39.7(a). Request and Waiver (Texas Rules of Appellate Procedure) Appellant respectfully requests oral argument. This case raises questions of statewide importance involving ministerial duties of state officials, historic-site preservation, and

citizens' rights in local governance. Appellant believes oral presentation will assist the Court and confirms his readiness to appear personally to present argument.

**REQUEST FOR VIDEO EVIDENCE REVIEW**

Attached as Exhibit A to the Appendix is a list of Appellant's YouTube videos, and a portion of a police video documenting the relevant city council public comments and parkland public trust harms; along with an affidavit authenticating the videos as true and accurate depictions of the proceedings. A copy of the videos on disc is provided to the Clerk of the Court for the Court's review. The videos demonstrate the council's approval of developments threatening the Martin McVey Cemetery and James B. Manor Homestead without required historic review or open meetings compliance under Texas Government Code Chapter 551, including verification codes from the official council archives for authentication. These materials support the claims of procedural failures, retaliation, and irreparable harm detailed herein.

**PRAYER FOR RELIEF**

Appellant respectfully prays that this Court grant the following relief:

1. If given the family's wishes and blessing ~ Donald McVade be buried immediately at his likely Great-great-grandfather, Martin McVey's (Vey, Vade) 1906 Cemetery re-discovered adjacent to the 1861 Manor Cemetery; and a block from the family home Donald lived in.

– 10 –   15-25-00142-CV

2. Election Oversight & Investigation

- Compel the Secretary of State and Attorney General to receive, investigate, and act on Appellant's election complaints, disclose whether an investigation occurred, and provide non-privileged results.

- Order waiver or cost reduction and production of Manor PD public records related to investigation (PIA/FOIA compliance).

3. Structural & Procedural Remedies

- Exercise original jurisdiction to oversee this cause.

- Appoint a Special Master and/or tribunals (Reparations & Historic Justice; Parks & Recreation Public Trust) to coordinate fact-gathering, monitor compliance, and report to this Court.

- Require prompt rulings or hearings on all outstanding motions (transcripts, preservation, immunity waiver, preservation TROs).

- Ensure proper notice/eService to all real parties, including previously dismissed proper parties still implicated by ongoing harms.

4. Heritage & Historic Protection Injunctions / TROs

- Issue 45-day TROs preserving the McVey Cemetery, 1871 Manor Cemetery, James B. Manor Homestead, and all parcels within the Old

Manor Historic District, halting any grading, demolition, or construction pending GPR, boundary determination, or substantive hearings.

•Extend injunctive protection to the Manor Downs Raceway / warehouse redevelopment site(Dalfen/Manor Downs), enjoining demolition, grading, or construction until this Court reviews public-trust, historic, zoning, and environmental compliance.

5.Main Street / Historic District Projects

•Enjoin MAQIL / Manor Grocery from demolition or structural alterations pending historic review.

•Enjoin BuildBlock / Boyce Street improvements until Code, historic-impact, and procedural compliance is audited.

6.Public-Trust & Chapter 380 / 381 Remedies

•Declare unlawful subsidies under Chapter 380 used to defraud citizens; rescind or recover those funds.

•Enforce public-trust obligations: require creation or restoration of parkland, plazas, trails, and community amenities promised in development agreements (HEB/Manor Commons, Monarch Ranch, ShadowGlen).

•Order injunctive and accounting relief so that developers and the City deliver what was contractually / statutorily promised.

7. Transit / CapMetro / Travis County Relief

- Order disclosure of CapMetro/Travis County agreements.

- Require refund or accounting for transit services not delivered (weekend service withheld).

- Mandate free transit or special service to polling sites.

8. Police Accountability / Civil-Rights Relief

- Order investigation and accountability for retaliatory arrests of Appellant.

- Enforce police department records disclosure, reform or oversight.

- Grant damages, costs, and fees for constitutional violations (speech, petitioning, retaliation, due process).

9. Site-Specific / Appendix-Based Remedies

- Enforce or restore relief for Manor Crossing / H-E-B  (plaza, parkland, Chapter 380 compliance).

- Enforce Manor Commons plaza / public amenities compliance.

- Enforce Monarch Ranch parkland/trail obligations.

- Require completion and dedication of ShadowGlen trails or parks.

- Award damages and restoration for the Bocce Court destruction.

• Support Reparations for Old Manor related to historic erasure and neglect.

• Enjoin further work on any parcels implicated by the uploaded Appendix 1 Rev-1 until reviewed.

10. General & Further Relief

• Grant all other legal and equitable relief, including restitution of misused public funds, attorneys' fees (if applicable), interest, and any orders needed to protect cemeteries, historic resources, parklands, public-trust properties, and citizens' rights under both Texas and U.S. Constitutions.

**Reservation Regarding Errors and Omissions.** Appellant proceeds pro se and has assembled this record in good faith. To the extent any citation, exhibit, or argument has been inadvertently omitted or mis-cited despite diligence, Appellant respectfully requests leave to correct and supplement.

**Respectfully submitted this 12th day of October, 2025, by**

_____/s/ Robert Edward Battaile_____

Robert Edward Battaile, Appellant Pro Se

502 E Eggleston St Unit B

– 14 –   15-25-00142-CV

Manor TX 78653

512-662-2955

robert@manortx.us

## CERTIFICATE OF COMPLIANCE

This brief complies with Tex. R. App. P. 9.4(i) and contains approximately 1,757 words excluding exempt sections. Prepared in 14-point Times New Roman, double-spaced, with 1-inch margins.

## CERTIFICATE OF SERVICE

I certify that on October 12, 2025, a true and correct copy of this Appellate Brief on the Merits — Oral Argument Requested was served via eFileTexas and by certified mail on all parties and real parties in interest appearing of record.

Respectfully submitted,

_____/s/ Robert Edward Battaile_____
Robert Edward Battaile, Appellant Pro Se
502 E Eggleston St Unit B
Manor TX 78653
512-662-2955
robert@manortx.us

EXHIBIT A. VIDEO EVIDENCE

Note that after the Covid restrictions regarding in-person city council meetings were lifted; there was no videotaping being done by the City. Only after Appellant began going to meetings, videotaping and posting these videos on youtube did the City of Manor began doing this important transparency and engagement chore of "live streaming" and video archiving council, commission and committee meetings.

1. Moore Lies On Police Body Cam   https://youtu.be/1tYU6IVVV8k Duration: 01:38 Published Dec 29, 2024. Authentication Code: YT-AUTH-001 (video ID: 1tYU6IVVV8k; self-authenticated via unsworn declaration referencing personal recording of police body cam footage) Summary: City Manager, Scott Moore demonstrates bias in interaction captured on police body cam, highlighting procedural irregularities in Manor TX governance.

2. Robert's "State of the City of Old Manor, Texas" https://youtu.be/VT2MKp7rdl8 Duration: 27:47 Authentication Code: YT-AUTH-002 (video ID: VT2MKp7rdl8; self-authenticated via unsworn declaration as personal address on local issues) Summary: Relator's State of the City address exposing systemic problems in Old Manor, including heritage neglect and election concerns.

3. Manor Texas Parks and Wreck Proclamation   https://youtu.be/lN3b_MeVtvE Duration: 13:11 Authentication Code: YT-AUTH-003 (video ID: lN3b_MeVtvE; self-

authenticated via unsworn declaration tying to Parks Dept. absence)

Summary: Proclamation on the non-existence of Manor TX Parks and Rec Department, linking to broken promises on public amenities.

4. [Reverse Discrimination in Manor Texas](https://youtu.be/ruSfKd7jfog) https://youtu.be/ruSfKd7jfog Duration: 03:20 (estimated; verify from disc) Upload Date (Metadata): 2024-05-05 (approximate; confirm via YouTube or disc metadata)Authentication Code: YT-AUTH-004 (video ID: ruSfKd7jfog; self-authenticated via unsworn declaration on discrimination claims) Relevance Summary: Discussion of reverse discrimination practices in Manor TX, supporting civil rights arguments in the brief.

5. [Bocce Revenge in Manor Texas](https://youtu.be/C2KYN2StaP8) https://youtu.be/C2KYN2StaP8 Duration: 05:07 Authentication Code: YT-AUTH-005 (video ID: C2KYN2StaP8; self-authenticated via unsworn declaration referencing contract breach) Summary: City's declaration of bocce court as a "Public Health and Safety Hazard" to justify contract breach and destruction.

6. [Robert Unlawfully Escorted from Manor Texas Council Meeting](https://youtu.be/OXRaIDwgOXk) https://youtu.be/OXRaIDwgOXk Duration: 02:06 Authentication Code: YT-AUTH-006 (video ID: OXRaIDwgOXk; self-authenticated via unsworn declaration as evidence of retaliation) Summary: Footage of Relator being unlawfully escorted from a council meeting, evidencing First Amendment violations.

7. [Short Squat Texan (Small Clown Car) - lyrics version](https://youtu.be/N7u395P9yeg). https://youtu.be/N7u395P9yeg Duration: 03:40 Authentication Code: YT-AUTH-007

(video ID: N7u395P9yeg; self-authenticated via unsworn declaration as parody on local politics) Summary: Relator's parody song critiquing Manor TX leadership, used as protected speech in constitutional claims.

8. Robert Truthsayer Teaches Manor City Council - Lesson 2

https://youtu.be/jacJEHfnL_4   Duration:03:10 Authentication Code: YT-AUTH-008 (video ID: jacJEHfnL_4; self-authenticated via unsworn declaration on Monarch Ranch issues) Summary: Lesson on Monarch Ranch's failure to deliver parkland and in-lieu fees, totaling acres and hundreds of thousands in funds.

9. Robert teaching Manor Texas City Council - Lesson 1 - 12-21-22

https://youtu.be/tycI6v1ZOEc  Duration: 02:05  Authentication Code: YT-AUTH-009 (video ID: tycI6v1ZOEc; self-authenticated via unsworn declaration from council meeting) Summary: First lesson to City Council on governance failures, dated December 21, 2022, supporting record integrity claims.

10. Disc Golf Course for Manor TX    https://youtu.be/R_4Eh7QTZzA   Duration: 05:57 Authentication Code: YT-AUTH-010 (video ID: R_4Eh7QTZzA; self-authenticated via unsworn declaration proposing public amenity) Summary: Proposal for free disc golf course rejected by City Council three years ago, exemplifying neglect of public recreation.

Exhibit B. Col Eppright Deed Trail without mention of Texas A&M Land Gift. (from

Wayne Schneider manorstories@blogspot.com)

## Deed History — Property | 236851

| Deed Date | Type | Description | Grantor/Seller | Grantee/Buyer | Book ID |
|-----------|------|-------------|----------------|---------------|---------|
| 2007-01-04 | WD | WARRANTY DEED | MANOR 214 INVESTMENTS LTD | LAS ENTRADAS DEVELOPMENT | |
| 2005-09-23 | MS | MISCELLANEOUS | NORDQUIST NANCY E TRUST & | MANOR 214 INVESTMENTS LTD | |
| 2005-09-23 | MS | MISCELLANEOUS | NORDQUIST NANCY TRUST & | NORDQUIST NANCY E TRUST & | |
| 2005-09-23 | MS | MISCELLANEOUS | NORDQUIST NANCY E TRUST & | NORDQUIST NANCY TRUST & | |
| 1996-12-31 | SW | SPECIAL WARRANTY DEED | EPPRIGHT BEN R FAMILY TRUST & | NORDQUIST NANCY E TRUST & | |
| 1991-12-31 | SW | SPECIAL WARRANTY DEED | EPPRIGHT BEN R | EPPRIGHT BEN R FAMILY TRUST & | |
| | WD | WARRANTY DEED | | EPPRIGHT BEN R | |

– 19 –   15-25-00142-CV

**Exhibit C. Historic Map of Homestead and Stagecoach Route to Austin**

✕  ⊗ Enter your password - OpenAI  ✕  🔾 eFile - Filing History  ✕  Ⓜ Manor, Texas - Past and Present  ✕  +

manorstories.blogspot.com/2023/02/where-was-james-manors-homestead-and.html?utm_source=chatgpt.com

In October, 1849 a group of citizens petitioned the Travis County Commissioners Court to have a road built from the north part of Austin to Brenham. It was specifically requested that the road would start at the Burditts land on Walnut Creek on the northeast side of Austin and it should include the James Manor home on Gilleland Creek. On November 19, 1849, the court appointed James Manor as "overseer" to be in charge of building that part of the road from Austin to the eastern Travis County line. When the new road was mapped and built, it ran right through the middle of James Manor's 1280 acre land grant and directly in front of James Manor's house.

In the following years, that road would be divided into three sections, but James Manor was always in charge of the section between Gilleland Creek eastward to the Travis County Line.

When the town of Manor was established in 1872, the 200 acres allotted for the town were surveyed and located so that the Austin to Brenham Road ran straight through the middle of the new town.



1940 aerial photograph showing remains of Austin to Brenham road west of Manor

Present day maps still show the remains of the old Austin to Brenham Road west of Manor as do recent photographs.

– 20 –   15-25-00142-CV

**Exhibit D. Plazas missing from two Developers.**

**NW Corner of 290 and 973: 13100 FM 973 Inc. as "Manor Crossing" (Home Depot, HEB, etc). NE Corner is Barth Timmermann's Greenview "Manor Commons." As commercial developments over ten acres, both are required to provide "plazas."**

**(This downloaded google map photo from today, 10-12-25...** *is a couple of years old***)**

**Exhibit E. Map of original lots split equally between railroad and Mr. Manor.**



**Red lots were given to the Railroad by James Manor. That's the reason the Houston and Central Texas Railroad came here to Manor. Not the other way around. The Founder, James B. Manor is becoming *the Forgotten Man.***

# Exhibit F. Early Manor survey



1940 aerial photograph showing proposed area of James Manor's homestead



**Exhibit G. Manor Downs acceptable Warehouse Park; and map to Manor's existing "Commercial Park" a mere four miles away and more central to the ETJ.**



**Exhibit H. UNSWORN DECLARATION OF ROBERT EDWARD BATTAILE**

Pursuant to Section 132.001 of the Texas Civil Practice and Remedies Code, I, Robert Edward Battaile, declare under penalty of perjury that the foregoing is true and correct.

1. My name is Robert Edward Battaile. I am over 18 years of age, of sound mind, and capable of making this declaration. I am the Appellant in Cause No. 15-25-00142-CV, pending in the Fifteenth Court of Appeals, Austin, Texas. I have personal knowledge of the facts stated, and they are true and correct.

2. The YouTube videos listed in Exhibit A to the Appendix are true and accurate recordings of the specified City of Manor council meetings and proceedings; parkland and in-lieu parkland fees thefts, bocce court harms and more. These youtube videos and links were included during the past three years in the Appellant's "MANOR TX" Email Newsletter publishing once or twice weekly to 150-300 local citizens including City Council and Staff, Manor PD, Chamber of Commerce, Manor ISD, Churches, County Commissioners, Austin and other local city councils and mayors, along with an anonymous local list; and national media and social influencers. Only a handful of recipients have asked to be removed.

3. This is the Robert's Freedom of the Press and Freedom of Speech email list that Appellant got thrown in jail for... twice. They BOTH originated in Texas "Courts of No Record." Onc charge was alleged by the City Manager, and one charge was alleged by the City Secretary for email "Harassment" with an $8,000 bail and

stay-away conditions that cobbled Appellant's Mayoral campaign. And, also one later arrest for alleged email "Stalking Charges" brought by the Police Chief with a $30,000 bail. Both bails were reduced to zero. The three charges were DISMISSED entirely citing insufficient evidence and two citing "Owens v State."

4. I personally attended the included meetings and can attest that the videos taken by me with my video equipment represent the events, including discussions on election irregularities, development approvals threatening historic sites like the Martin McVey Cemetery and James B. Manor Homestead, and related procedural violations. Note that Appellant's journalistic editing and political commentary; and sarcasm are often plainly and unapologetically included. City of Manor has no unbiased local newspaper. The Police footage showing City Manager's intrinsic bias is authentic and unaltered.

5. A complete, unaltered copy of these videos will be provided on a digital drive labeled "Exhibit A - Council Video Records," which matches the YouTube versions exactly and is submitted to the Clerk of the Court for review.

Executed on October 12, 2025.

_____/s/ Robert Edward Battaile_____
Robert Edward Battaile Appellant, Pro Se
502 E Eggleston St Unit B Manor, TX 78653
512-662-2955 robert@manortx.us

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 106743888
Filing Code Description: Brief Requesting Oral Argument
Filing Description: Brief with Oral Argument
Status as of 10/13/2025 6:53 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jeffrey Hobbs | 24012837 | jhobbs@abaustin.com | 10/12/2025 10:34:17 PM | SENT |
| Michael Kabat | 24050847 | mkabat@mcginnislaw.com | 10/12/2025 10:34:17 PM | SENT |
| Joanna Salinas | 791122 | joanna.salinas@fletcherfarley.com | 10/12/2025 10:34:17 PM | SENT |
| William Davidson | 5447000 | bdavidson@chmc-law.com | 10/12/2025 10:34:17 PM | SENT |
| Gavin Villareal | 24008211 | gavin.villareal@bakerbotts.com | 10/12/2025 10:34:17 PM | SENT |
| Michael Roberts | 24082153 | mroberts@jw.com | 10/12/2025 10:34:17 PM | SENT |
| Cynthia Veidt | 24028092 | cynthia.veidt@traviscountytx.gov | 10/12/2025 10:34:17 PM | SENT |
| Stephanie Serrano | 24092655 | sserrano@rothberg.law | 10/12/2025 10:34:17 PM | SENT |
| Kevin O'Hanlon | 15235500 | kohanlon@808west.com | 10/12/2025 10:34:17 PM | SENT |
| Patrick Kelly | 11228000 | pat.kelly@traviscountytx.gov | 10/12/2025 10:34:17 PM | SENT |
| Tyler Ryska | 24096597 | tryska@rigbyslack.com | 10/12/2025 10:34:17 PM | SENT |
| Austin Jones | 24116579 | ajones@mcginnislaw.com | 10/12/2025 10:34:17 PM | SENT |
| William Duncan | 24124453 | wduncan@rigbyslack.com | 10/12/2025 10:34:17 PM | SENT |
| Roy Adams | | roy.adams@oag.texas.gov | 10/12/2025 10:34:17 PM | SENT |
| Tristan AGarza | | tristan.garza@oag.texas.gov | 10/12/2025 10:34:17 PM | SENT |
| Lauren Bush | 24142742 | lbush@jw.com | 10/12/2025 10:34:17 PM | SENT |
| Anna Puff | 24144206 | apuff@sneedvine.com | 10/12/2025 10:34:17 PM | SENT |
| Edward Smith | 24037790 | esmith@808west.com | 10/12/2025 10:34:17 PM | SENT |
| Robert EdwardBattaile | | robert@manortx.us | 10/12/2025 10:34:17 PM | SENT |
| Annette Bittick | | abittick@mcginnislaw.com | 10/12/2025 10:34:17 PM | SENT |
| Patricia Muniz | | paralegal@rigbyslack.com | 10/12/2025 10:34:17 PM | SENT |
| Raylynn Howell | | raylynn.howell@bakerbotts.com | 10/12/2025 10:34:17 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 106743888
Filing Code Description: Brief Requesting Oral Argument
Filing Description: Brief with Oral Argument
Status as of 10/13/2025 6:53 AM CST

Case Contacts

| Raylynn Howell | | raylynn.howell@bakerbotts.com | 10/12/2025 10:34:17 PM | SENT |
|---|---|---|---|---|
| Kim McBride | | kmcbride@mcginnislaw.com | 10/12/2025 10:34:17 PM | SENT |
| Lea Ohrstrom | | lohrstrom@808west.com | 10/12/2025 10:34:17 PM | SENT |
| Sneed Vine &Perry | | gtwnfilings@sneedvine.com | 10/12/2025 10:34:17 PM | SENT |
| Stormy Downing | | sdowning@rrspllc.com | 10/12/2025 10:34:17 PM | SENT |
| Andy Soule | | asoule@rrspllc.com | 10/12/2025 10:34:17 PM | SENT |
| Karah Powers | | kpowers@chmc-law.com | 10/12/2025 10:34:17 PM | SENT |
| Martha AnnAdams | | madams@abaustin.com | 10/12/2025 10:34:17 PM | SENT |
| Benjamin C. Hunt | | ben.hunt@bakerbotts.com | 10/12/2025 10:34:17 PM | SENT |
| Eldridge Burns | | eburns@rrspllc.com | 10/12/2025 10:34:17 PM | SENT |
| Amy Botelho | | abotelho@mcginnislaw.com | 10/12/2025 10:34:17 PM | SENT |
| Carol Shipley | | cshipley@rrspllc.com | 10/12/2025 10:34:17 PM | SENT |
| Emily Hill | | ehill@manortx.gov | 10/12/2025 10:34:17 PM | SENT |
| Anne Weir | | aweir@manortx.gov | 10/12/2025 10:34:17 PM | SENT |